IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| John A. "Tony" Vetter, Sr., individually and on behalf of other similarly situated individuals, | ) ) ) | |
| Plaintiffs | ) | |
| v. | ) | Civil No.: 13-cv-642-RWT |
| Government Employees Insurance Company, et al. | ) | |
| Defendants | ) | |
| _____/ | | |

**DEFENDANTS' OPPOSITION TO MOTION FOR
CONDITIONAL CERTIFICATION AND JUDICAL NOTICE**

Defendants (collectively "GEICO") oppose Plaintiff's motion for collective action notice. ECF No. 22. In the companion case, *Calderon v. GEICO*, the Court granted the named Plaintiff's motion for collective action notice, but denied his request to send reminder notices. *Calderon*, Case 8:10-cv-01958-RWT, ECF No. 31 at 14. The Court stated,

> The Court will not permit Plaintiffs' counsel to send reminder notices to potential class members. Plaintiffs' request to send reminder notices has the potential to unnecessarily "stir up litigation," and will therefore be denied. *Montoya v. S.C.C.P. Painting Contractors, Inc. et al*. 2008 WL 554114, at *4 (D. Md. Feb. 26, 2008). A single notice in the form attached to this Court's order is more than sufficient to provide notice to the potential opt-in plaintiffs who may choose to participate.

*Id.*[1]

---

[1] "Many courts have rejected reminder notices, recognizing the narrow line that divides advising potential opt-in plaintiffs of the existence of the lawsuit and encouraging participation. *See, e.g., Foster v. Nationwide Mut. Ins. Co.,* No. C2–08–20, Doc. 20 (S.D.Ohio 2008) (denying Plaintiffs' request to send reminder correspondence)." *Wolfram v. PHH Corp*., 2012 WL 6676778 * 4 (S.D. Ohio 2012). *Accord, Witteman v. Wisconsin Bell*, 2010 WL 446033 (W. D. Wis. 2010); *Sharpe v. APAC Customer Service*, 2012 WL 1292154 (D. Wis. 2010); *Wlotkowski v. Michigan Bell Tele. Co.*, 267 F.R.D. 213 (E. D. Mich. 2010); *Smallwood v. Illinois Bell Tele. Co.*, 710 F. Supp.2d 746 (N.D. Ill. 2010).

On November 19, 2012, the Court granted Plaintiffs' motion for summary judgment on liability in *Calderon*. *Calderon* ECF Nos. 98-99. Plaintiff Vetter filed this action on February 28, 2013. The motion for collective action notice in this case is plainly intended to round up additional plaintiffs, by sending a second round of notices to investigators who did not join the *Calderon* lawsuit as a result of the first round. Thus, it directly conflicts with the purposes of collective action notice, which are to avoid duplicative litigation and set early deadlines for participation. *Hoffmann LaRoche v. Sperling*, 493 U.S. 165 (1989). "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cut-off dates to expedite disposition of the action." *Id.* at 170. Here, the *Vetter* lawsuit does not avoid duplicative litigation, it *is* duplicative litigation. Issuing collective action notice would only compound the amount of duplicative litigation. Likewise, a second round of notices would defeat the purpose of the original cut-off date in *Calderon*.

Anticipating GEICO's position, Plaintiff cites three cases in which second collective actions were approved. *Akins v. Worley Catastrophe Response*, 2013 WL 1412371 (E. D. La. 2013); *Lindsay v. GEICO*, 2004 WL 4012264 (D.D.C. 2004); and *Yates v. Wal-Mart Stores, Inc.*, 58 F. Supp.2d 1217 (D. Colo. 1999). In *Akins*, a second collective action was filed after the first collective action was settled. The Magistrate Judge acknowledged the defendant's concern about duplication, but regretfully concluded that there was nothing to prohibit it. "I am not unconcerned about the risks of duplication, expense and inherent inefficiencies in the seriatim litigation that these plaintiffs and their counsel have undertaken when this matter is compared to *Altier* [the earlier case]. Unfortunately, I see no prohibition against this sort of litigation in the controlling law." 2013 WL 1412371 at *8. He continued that the employer's argument "should be made to the legislature and not to the courts." *Id.* at * 9. What *Akins* overlooks is that there is

no statute or rule authorizing collective action notice. While 29 U.S.C. § 216(b) authorizes collective actions, the procedure for issuing collective action notices is not found there. It is a judicial improvisation which draws its authority from the court's discretion to manage litigation. *Hoffmann*, 493 U.S. at 170. Having created the procedure as an exercise of judicial discretion, the courts also have the discretion to control its use.

*Lindsay* is unpersuasive for the same reason. The Court stated that "Defendant cites no law for the proposition that once one collective action has been approved, a subsequent collective action directed toward the same pool of plaintiffs cannot be brought." 2004 WL 4012264 at *1, n. 4. In fact, there is no statute or rule for the proposition that any collective action notice can be approved, so the absence of law concerning a second round of notice is not meaningful. The court in *Lindsay* continued, "Even if the number of individual actions would be small, a second collective action still helps to avoid a 'multiplicity of duplicative suits.'" In *Lindsay*, however, the only duplicative suits were the collective actions organized by plaintiffs' counsel. The same is true in this case. Apart from *Calderon* and this case, there are no other claims that GEICO misclassified investigators as exempt. *See also*, *Yates,* 58 F. Supp.2d at 1218 (approving duplicative collective action without discussion).

Plaintiff would not be harmed or prejudiced by denial of collective action notice in this case, because he has no personal interest in such notice. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013)("[W]e conclude that respondent has no personal interest in representing putative, unnamed claimants."). He cannot complain that he would be deprived of the benefit of pooling resources, because this is a follow on case, in which most of the work has already been done. Plaintiff's own motion states, "the facts of this case are exactly the same as those developed by the parties during discovery in *Calderon*." ECF No. 22-1 at 4. Plaintiff

3

argues that absent notice, the statute of limitations would continue to run; however, that is not his problem. Plaintiff has no personal stake in keeping other people's claims alive. *Genesis*, 133 S. Ct. at 1530. Moreover, courts do not generally make a practice of stirring up litigation by alerting potential plaintiffs that the statute of limitations is running on their claims. *See Accrued Financial Services v. Prime Retail*, 298 F.3d 291, 297 (4th Cir. 2002)(stirring up litigation is contrary to public policy). The Supreme Court did not mention the statute of limitations as a reason for issuing collective action notice in *Hoffmann LaRoche*.

In addition, it remains to be seen whether the issues in this case will ultimately lend themselves to a collective adjudication. In *Calderon*, the Court made a blanket ruling on the misclassification claim; however, that ruling has not yet been reviewed. It is possible that in the future, the issues in *Calderon* and this case will be framed in a way that requires individualized determinations, which would be incompatible with a collective action. In this regard, GEICO incorporates by reference its opposition to the motion for collective action notice in *Calderon*, Case 8:10-cv-01958-RWT, ECF No. 24.

If the Court allows notice, GEICO submits that the forms should be revised to be more informative. In recent experience, GEICO's counsel has found that employees sometimes join collective action lawsuits without realizing that by doing so, they are suing their employer, and without understanding the legal theory of the case. GEICO's proposed language addresses both those points. GEICO's redline version of the notice is attached as Exhibit 1. GEICO's redline version of the consent form is attached as Exhibit 2.

August 1, 2013                                        Respectfully submitted,


                                                      /S/_____
                                                      Eric Hemmendinger
                                                      SHAWE & ROSENTHAL, LLP
                                                      20 S. Charles Street, Suite 1102
                                                      Baltimore, MD 21201
                                                      410-752-1040 Telephone
                                                      410-752-8861 Facsimile
                                                      bsh@shawe.com
                                                      eh@shawe.com

                                                      *Attorneys for Defendants*

# **CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that on this 1st day of August, 2013, a copy of the foregoing Opposition to Motion for Conditional Certification and Judicial Notice was served via the Court's electronic case filing system, upon:

>Sundeep Hora
>ALDERMAN, DEVORSETZ & HORA, PLLC
>1025 Connecticut Ave., NW, Suite 615
>Washington, DC 20036
>
>Matthew H. Morgan
>Timothy C. Selander
>NICHOLS KASTER, PLLP
>4600 IDS Center, 80 South 8th Street
>Minneapolis, MN 55402
>
>*Attorneys for Plaintiffs*

/S/
Eric Hemmendinger

369406