IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| John A. "Tony" Vetter, Sr., individually and on behalf of other similarly situated individuals, ) ) ) ) Plaintiffs, ) ) v. ) ) GEICO General Insurance Company, et al., ) ) Defendants. ) | Civil Action No.: 8:13-cv-00642 RWT |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE**

**INTRODUCTION**

District courts conditionally certify FLSA collective actions when the plaintiffs satisfy their burden of showing that there is a group of similarly situated potential plaintiffs. A district court's determination to authorize notice to similarly situated potential plaintiffs flows from that initial determination. Here, Defendant admits that Plaintiff, the opt-in Plaintiffs, and the potential plaintiffs are similarly situated, but argues that the Court should deny Plaintiff's motion and decline to authorize notice. Defendant's argument fails on two levels. First, despite the hundreds, if not thousands of reported and unreported decisions involving FLSA conditional certification, Defendant does not cite a single decision in which a court found that the plaintiff satisfied his burden for conditional certification but declined to issue notice. Defendant's failure to cite any authority supporting its position is telling, particularly given that Plaintiff relies on three decisions in which district courts authorized notice under similar, if not identical, circumstances. See Akins v. Worley Catastrophe Response, LLC, 2013 WL 1412371 (E.D. La.

Apr. 8, 2013); Lindsay v. GEICO, 2004 WL 4012264 (D.D.C. Nov. 9, 2004); Yates v. Wal-Mart Stores, Inc., 58 F. Supp. 2d 1217, 1218 (D. Colo. 1999).

Defendant's argument also fails on a practical level. According to Defendant, Security Investigators, who Defendant admits are similarly situated, should not be notified of this lawsuit because they were previously notified in Calderon; notifying them of their right to join this action would be duplicative of the Calderon notice. But taking this argument to its logical conclusion leads to unreasonable and inefficient results. Because it is too late to join Calderon, Security Investigators have only two options: (1) do nothing despite their interest and allow the statute of limitations to erode their claim; or (2) file their own individual case. While Defendant would clearly prefer the first option, it is unreasonable given that all parties agree that Security Investigators are similarly situated such that their claims can be decided in a single case. The second option is also untenable because again, in light of the fact that all Security Investigators are indisputably similarly situated, individual cases, in which the same factual and legal issues are litigated repeatedly, would be an incredibly inefficient use of party, and more importantly, judicial resources.

Plaintiff's proposal is far more reasonable and efficient: send a single notice to eligible Security Investigators and set a 90-day window for them to join. Interested individuals will likely join, averting the possibility of numerous identical actions; those who are not interested will ignore the notice. Conditional certification and notice in this case, under these terms, is appropriate.

**ARGUMENT**

**I.     DEFENDANT CONCEDES THAT PLAINTIFF SATISFIES THE SIMILARLY SITUATED STANDARD**

Before considering whether to issue notice, the Court must first find that Plaintiff satisfied his burden of showing, at least preliminarily, that a similarly situated group of potential plaintiffs exists. Calderon v. GEICO, 2011 WL 98197, at *3 (D. Md. Jan. 12, 2011). The Court's determination is based on the pleadings and any affidavits submitted in support of the motion. Id. Here, Plaintiff provided the Court with the allegations in his Complaint, as well as seven declarations from each of the Security Investigators who joined this case. (See ECF No. 22-2.) Defendant neither challenges the sufficiency of Plaintiff's evidence nor contends that Security Investigators are not similarly situated. Defendant thus concedes that Plaintiff has met his burden of showing that a similarly situated group of plaintiffs exists.

**II.    ISSUING NOTICE IN THIS CASE IS NOT A REMINDER NOTICE**

Conceding that Plaintiff satisfied his burden of showing that a group of similarly situated plaintiffs exists, Defendant instead argues that the Court should not authorize notice in this case because doing so would be akin to sending a reminder notice in Calderon, which the Court previously rejected. Plaintiff disagrees. First, Plaintiff's motion seeks to send one notice, not two, to the potential plaintiffs; Plaintiff does not ask the Court to authorize a reminder notice in the midst of the notice period. Second, Plaintiff's argument, that the Court should send notice in this case to any Security Investigator who worked during the relevant statutory period and is not otherwise involved in Calderon, is consistent with decisions by three different district courts on nearly identical facts. See Akins, 2013 WL 1412371; Lindsay, 2004 WL 4012264; Yates, 58 F. Supp. 2d 1217. In each of those cases, the district court rejected the defendant's argument that

notice in a prior action eliminated the need for notice in a follow up action. The same is true here.

## III. ISSUING NOTICE IN THIS CASE DOES NOT CREATE DUPLICATIVE LITIGATION

Defendant also argues that this case is duplicative of <u>Calderon</u>, and that issuing notice will not avoid duplicative litigation, but create more. As an initial matter, Defendant should not be heard to complain about duplicative litigation given that it has not reclassified Security Investigators to non-exempt since the liability determination in <u>Calderon</u>, and given that it rejected Plaintiff's proposal to toll the statute of limitations of potential Plaintiffs in this case pending the <u>Calderon</u> appeal.

Calling this case "duplicative" of <u>Calderon</u> is also disingenuous given that it exists solely because of the FLSA collective action mechanism, which as this Court and Defendant are well-aware, only includes those putative plaintiffs who opt-in by filing their written consent with the court. The result of this opt-in procedure is that only a fraction of putative plaintiffs join, leaving a large number who are neither part of the collective nor covered by a Rule 23 state law class, **but who still have valid claims**. That is exactly what happened here. In <u>Calderon</u>, the plaintiffs mailed Court-authorized notice to 326 potential plaintiffs; only 48 joined. The claims of the 278 potential plaintiffs who did not join, however, remained viable, subject to daily erosion by the statute of limitations. Here, Plaintiffs Vetter, Crosby, Fullmer, Mestas, Sink, and Smith were among the Security Investigators who were sent the <u>Calderon</u> notice but who did not opt-in. Once the deadline to join <u>Calderon</u> passed, they had three choices: do nothing, file their own case, or opt-in to this one. Pejoratively referring to this case as "duplicative" makes little sense in light of those choices.

**IV. AUTHORIZING NOTICE IN THIS CASE IS NOT STIRRING UP LITIGATION**

When the Court granted conditional certification and authorized notice in Calderon, it described the advantages and drawbacks of authorizing notice as follows:

> This Court has elaborated that court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action. Because the statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until that plaintiff files the written opt-in consent form, **court-facilitated notice is crucial.** The court must take pains, however, to avoid the stirring up of litigation through unwarranted solicitation and to recognize that an employer should not be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense.

Calderon, 2011 WL 98197, at *7 (D. Md. Jan. 12, 2011) (emphasis added) (internal citations and quotations omitted). In other words, issuing notice has advantages and disadvantages. On the one hand, the advantage of notice is that it reduces the likelihood of duplicative lawsuits (a benefit to the judiciary) and informs potential plaintiffs of their rights and of the statute of limitations (a benefit to potential plaintiffs). On the other hand, notice, if not properly monitored by the Court and issued only in appropriate circumstances, can be used as a "frivolous fishing expedition," that unnecessarily increases litigation (a detriment to the judiciary and defendants). Courts weighing the implications of notice look to whether the plaintiff has made a "preliminary factual showing that a similarly situated group of potential plaintiffs exist." If the plaintiff makes that showing, the court authorizes notice; if the plaintiff fails to make that showing, however, the court does not authorize notice because doings so would "stir up" litigation and subject employers to "frivolous fishing expeditions." D'Anna v. M/A-COM, Inc., 903 F. Supp. 889, 894 (D. Md. 1995); Garrison v. ConAgra Foods Packaged Food, LLC, 2013 WL 1247649, at *2 n.1 (E.D. Ark. Mar. 27, 2013). In sum, the Court should not be concerned about "stirring up"

litigation so long as it is satisfied that Plaintiff has met his burden of showing that a group of similarly situated plaintiff exists.[1]

## V. THE COURT SHOULD REJECT DEFENDANT'S MODIFICATIONS TO THE NOTICE

Plaintiff's proposed notice is, for all practical purposes, the exact same notice approved by the Court in Calderon. In Plaintiff's counsel's experience, edits like those proposed by Defendant are intended to confuse, intimidate, and ultimately dissuade potential plaintiffs from joining a case. For example, Defendant's recitation of the elements of the administrative exemption in the "Summary of Litigation" section will have little meaning to a layperson. Indeed, if such language is necessary, it should also state that this Court already held that Security Investigators do not satisfy the administrative exemption and that as a result, Defendant violated the FLSA.

The neutral language Plaintiff proposed in his initial motion, and which is consistent with the notice approved in Calderon, provides fair notice of this case and the potential plaintiffs' rights under the FLSA, and there is no need for further modification.

## CONCLUSION

Plaintiff has satisfied his burden of proving that a group of similarly situated potential plaintiffs exist. Defendant does not challenge Plaintiff's evidence or even the fact that potential plaintiffs are similarly situated. Under these circumstances, nothing in the FLSA prohibits the Court from authorizing notice. Indeed, courts faced with similar circumstances consistently authorize notice in follow up cases just like this one. For these reasons, Plaintiff respectfully

---

[1] Defendant's suggestion that Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523 (2013) impacts this case in any way is hardly worthy of discussion because Defendant has not made a Rule 68 offer. Moreover, the majority's opinion, in the words of Justice Kagan, is "the most one-off of one-offs . . . Feel free to relegate the majority's decision to the furthest reaches of your mind: The situation it addresses should never again arise. 133 S. Ct. 1533.

requests that the Court grant his motion for conditional certification and judicial notice, and approve Plaintiff's proposed notice without any modification.

Date: August 15, 2013

/s/
**NICHOLS KASTER, PLLP**
Matthew H. Morgan, MN State Bar No. 304657
(admitted *pro hac vice*)
Timothy C. Selander, MN State Bar No. 0387016
(admitted *pro hac vice*)
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone (612) 256-3200
Fax (612) 215-6870
morgan@nka.com
selander@nka.com

/s/
(signed by Timothy C. Selander with permission of Sundeep Hora)
**ALDERMAN, DEVORSETZ & HORA PLLC**
Sundeep Hora, MD State Bar No. 28208
1025 Connecticut Avenue NW, Suite 615
Washington, D.C. 20036
Telephone (202) 969-8220
Facsimile (202) 969-8224
shora@adhlawfirm.com

Counsel for Plaintiff and the Opt-In Plaintiffs